PALMER, J.
Cheryl Steinberg appeals the final judgment entered on her claims for conversion and breach of contract arising out of a fee dispute with her former counsel, Charles T. Becker, P.A. Concluding that error was committed by the trial court with regard to the calculation of the amount of the judgment, we reverse on that issue. We affirm as to all other issues.
Steinberg entered into a contingent fee agreement with Charles T. Becker, P.A., whereby she agreed to hire Attorney Becker to represent her against her car insurance company, Liberty Mutual Fire Insurance Company for damages arising out of an automobile accident. The parties’ Authority to Represent Agreement provided that
in the event that any claim or suit becomes necessary against an insurance company which has insured the client hereunder, and attorney fees are awarded pursuant to that claim or suit, the parties hereto agree that my attorneys shall receive as their attorney fees for any such claim the higher of the percentage herein set forth in paragraph 1(a) or the fees awarded by the Court.
Paragraph 1(a) provided for a contingency fee in the amount of thirty-five percent with the added provision: “Extra for Appeal — 5%.”
Steinberg initially retained Attorney Becker to represent her in an uninsured motorist (UM) claim against Liberty Mutual and she retained a different law firm to represent her in seeking PIP benefits from Liberty Mutual. She subsequently *1240 dismissed the other law firm and retained Becker to represent her in the PIP case as well.
In the UM lawsuit, a jury rendered a verdict in favor of Steinberg. When Liberty Mutual sought an offset from the verdict in the amount of the yet to be determined PIP amount and threatened to appeal both judgments, Steinberg settled her pending PIP claim.
Becker thereafter calculated his attorney fee on the UM case at forty percent of the total recovery, exclusive of costs, and then voluntarily provided a discount therefrom. Steinberg signed a disbursement statement reflecting that amount. However, shortly thereafter, a dispute arose between the parties concerning Becker’s fee. Steinberg contended that Becker was entitled to receive only forty percent of the net UM recovery and that he was not entitled to receive a contingency fee on the PIP recovery. In an attempt to resolve the dispute, Becker revised the distribution statement by deleting the discount, and applying the forty percent fee against the net UM recovery.
Steinberg thereafter filed a complaint against Becker alleging conversion and breach of contract relating to the fees retained by Becker. The trial court determined that the parties’ agreement provided for a fee of thirty-five percent of the gross recovery, and that the parties’ agreement contemplated the potential of another lawsuit (i.e., one for PIP benefits). Upon timely rehearing, the trial court recalculated the amount of its judgment. Of importance to this appeal, the court determined that an interlocutory appeal had been taken during the UM lawsuit which entitled Becker to receive an additional appellate fee of five percent. This appeal followed.
Steinberg argues that the trial court erred in calculating the amount of Becker’s fee in three ways: 1) by providing a contingency fee on the PIP recovery; 2) by awarding a five percent appeal fee; and, 3) by allowing Becker to revoke his discount.
As to Steinberg’s first contention, we disagree. The trial court properly construed paragraph 2 of the parties’ fee agreement as providing an attorney’s fee for the PIP case as well as the UM case. In fact, Steinberg conceded that Becker had been hired to represent her in both the UM and the PIP case.
With regard to Steinberg’s second claim of error, we agree that Becker is not entitled to recover the additional five percent fee for appellate work. The record demonstrates that, following the entry of the jury’s verdict, Liberty Mutual filed a petition for writ of certiorari in the district court in an effort to abate the UM action pending the conclusion of the PIP lawsuit for purposes of setoff. That petition for writ of certiorari was filed on December 10, 1998 and the appellate court denied relief by order dated March 1, 1999. Steinberg argues that the filing of a petition for writ of certiorari in the district court does not constitute an “appeal” and, accordingly, the extra five percent appeal fee should not have been applied by the trial court to the UM case. We agree. A certiorari proceeding is an original proceeding, not an appeal. Accordingly, Becker was not entitled to receive the additional five percent contingency fee on the UM case. Accordingly, we strike the award of the additional five percent and remand this matter for recalculation of Becker’s fee.
As to Steinberg’s third claim, she cites to no authority in support of her position that Becker could not delete the gratuitous discount which he had previously provided in the distribution statement in response to her objection to his original distribution *1241 statement. We find no error with regard to that issue.
AFFIRMED in part; REVERSED in part; and REMANDED for recalculation of fee.
GRIFFIN and ORFINGER, JJ, concur.